IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AFFORDABLE AERIAL PHOTOGRAPHY,
INC., a Florida Corporation,

    Plaintiff,                                        CASE NO.:

v.

RCLT CLERMONT LLC, d/b/a KELLER
WILLIAMS ELITE PARTNERS III REALTY,
a Florida Limited Liability Company
PREMIER REALTY OF OCALA, INC.,
d/b/a REMAX PREMIER REALTY, a Florida
Corporation, ROBERT R. DEICHMAN, d/b/a
REMAX PREMIER REALTY INC. an Individual,
and KENDRA WRIGHT, d/b/a KAY WRIGHT
an Individual,

    Defendant.
_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

        Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP" or "Plaintiff"), a Florida corporation, by and through its undersigned counsel hereby files this Complaint against Defendants, RCLT CLERMONT LLC, d/b/a KELLER WILLIAMS ELITE PARTNERS III REALTY, a Florida limited liability company ("Keller Williams" or "Defendant"), PREMIER REALTY OF OCALA, INC d/b/a REMAX PREMIER REALTY, a Florida corporation ("Premier," "REMAX" (collectively with Deichman) or "Defendant"), ROBERT R. DEICHMAN, d/b/a REMAX PREMIER REALTY, an individual residing in the State of Florida ("Deichman," "REMAX" (collectively with Premier) or "Defendant"), and KENDRA WRIGHT, d/b/a KAY WRIGHT, an individual residing in the State of Florida ("Wright" or "Defendant") (collectively "Defendants").

1

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking monetary relief for Defendants' intentional infringement of Plaintiff's copyrighted work registered under Registration Number VA 2-241-085 (the "Copyrighted Work").

2. Plaintiff's principal photographer and founder is Mr. Robert Stevens ("Mr. Stevens"). Mr. Stevens is an experienced professional photographer who makes a living from photography. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past seventeen years, Mr. Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Mr. Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumbel and Chris Evert.

3. As reported to the Florida department of Business & Professional Regulation, Defendant Wright is a licensed realtor, License Number SL3416073 and is currently employed by Defendant Keller Williams, effective as of April 6, 2023.

4. Defendant Wright's realtor marketing efforts, on behalf of her employer, Defendant Keller Williams, include the use of Facebook.

5. Upon information and belief, prior to working for Defendant Keller Williams, Defendant Wright was a realtor for REMAX from about June 2018 until April 2023, where she worked under the fictitious name "REMAX Premier Realty Inc.".

6. The fictious name REMAX Premier Realty Inc. is jointly owned by Defendant Premier Realty of Ocala, Inc. and Defendant Robert R. Deichman.

7. Without permission, license, or consent, and in an effort to promote herself as a realtor, Defendant Wright improperly copied, displayed, or distributed Plaintiff's Copyrighted Work on Facebook as a direct benefit to her employers, the other named Defendants.

8. By these actions, Plaintiff seeks statutory damages or, in the alternative, actual damages, plus any additional profits obtained by Defendants that are attributable to the infringement.

## JURISDICTION AND VENUE

9. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

10. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendants because, among other reasons, Defendants are soliciting and conducting business in the State of Florida, and each resides in the State of Florida and in this judicial district. Furthermore, Defendant Keller Williams is formed under the laws of the State of Florida.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(a) because the events giving rise to the claims occurred in this district. Defendant engaged in infringement in this district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

13. AAP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 1938 Grey Falcon Circle SW, Vero Beach, FL 32962. AAP specializes in high-end aerial photographs, as well as slide shows, virtual tours, and a full array of stock photography for the luxury real estate industry.

14. Upon information and belief, Defendant Keller Williams is a Florida limited liability company with a principal address at 1200 Oakley Seaver Drive, Suite 109, Clermont, Florida.

15. Upon information and belief, Defendant Premier is a Florida corporation with a principal address at 1910 SW 18th Court, Bldg 100, Ocala, Florida.

16. Upon information and belief, Defendant Deichman, is an individual residing in Florida and is located at 2123 SE 41st Avenue, Ocala, Florida.

17. Upon information and belief, Defendant Wright is an individual residing in Florida and is located at 808 Clear Brook Court, Suite 300, Fruitland Park, Florida.

## THE COPYRIGHTED WORK AT ISSUE AND SUMMARY OF INFRINGEMENT

### 377 Eagle Dr_019a

18. In 2020, Mr. Stevens (as an employee of AAP) created several photographic works, published in July 2020, depicting a frontal view of a residence (hereinafter "377 Eagle Dr_019a work"). Mr. Stevens is responsible for selecting the unique angles and perspectives for this work. In this case, specific technical choices by Mr. Stevens further highlight the vibrant colors of the scenery, ultimately giving the work its originality and beauty.

19. The 377 Eagle Dr_019a work was submitted for copyright registration on February 1, 2021, and obtained Registration Number VA 2-241-085 with an effective date of March 12, 2021. A true and correct copy of VA 2-241-085 and the 377 Eagle Dr_019a work are attached hereto collectively as Exhibit "A."

20. As is evident in the 377 Eagle Dr_019a work included in Exhibit "A," Plaintiff's Copyright Management Information ("CMI") was included on the 377 Eagle Dr_019a work.

21. Since at least April 2022 Defendant Wright has utilized the 377 Eagle Dr_019a work registered under VA 2-241-085 as the primary image on her Facebook.com page, facebook.com/Asliceofequity, in direct support of her employers, the other named Defendants. A true and correct copy of a screenshot of the website as captured by Plaintiff is attached hereto as Exhibit "B."

22. The 377 Eagle Dr_019a work was not only posted in April 2022, while Defendant Wright worked for Defendant REMAX, but it has been posted several times since Defendant Wright began employment with Defendant Keller Williams. A true and correct copy of the various postings, by date as captured by Plaintiff is attached hereto as Exhibit "C."

23. As is visible in Exhibits "B" and "C," Plaintiff's CMI has been removed from Defendant Wright's Facebook.com page.

## ADDITIONAL FACTUAL BACKGROUND

24. Mr. Stevens created the Copyrighted Work at issue in this case as an employee of Plaintiff.

25. The Copyrighted Work is wholly original and the result of Mr. Stevens' creativity. Moreover, the Copyrighted Work is fixed in either a digital media format or a physical format.

26. Plaintiff is the exclusive owner of all rights, title, and interest in the Copyrighted Work, including all rights under copyright law.

27. On information and belief, Defendants used, or authorized the use of, the Copyrighted Work – without Plaintiff's authorization, to promote their business activities.

28. Plaintiff has retained the undersigned attorney and has agreed to pay him a reasonable fee.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT OF VA 2-241-085**
**(17 U.S.C. § 501)**

29. Plaintiff incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. The 377 Eagle Dr_019a, Dec. 27, 2015, work, protected under Registration No. VA 2-241-085, is a photograph containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. Seq.

31. AAP owns a valid copyright in the 377 Eagle Dr_019a, Dec. 27, 2015, work.

32. Defendants copied, altered, displayed, and/or distributed the 377 Eagle Dr_019a, Dec. 27, 2015, work without AAP's authorization in violation of 17 U.S.C. § 501.

33. Defendants performed the acts alleged in the course and scope of their business activities.

34. Defendants' infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the 377 Eagle Dr_019a, Dec. 27, 2015, work and have enabled Defendants to illegally obtain profit therefrom.

35. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

36. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, and an accounting of and a constructive trust with respect to such profits.

37. Pursuant to 17 U.S.C. §505, Plaintiff is further entitled to recovery of its reasonable attorneys' fees.

## COUNT II
## CONTRIBUTORY/VICARIOUS INFRINGEMENT OF VA 2-241-085

38. Plaintiff incorporates paragraphs 1 through 28 of this Complaint as if fully set forth herein.

39. Defendants, individually, and/or collectively, knew or had reason to know, of the infringing activity described herein.

40. Defendants', individually, and/or collectively, knowingly induced, participated in, aided and abetted in and profited from the illegal copying, reproduction, and distribution of the Copyrighted Work described herein.

41. Defendants', individually and/or collectively, are vicariously liable for the infringement alleged herein because they had the ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

42. By reason of Defendants', individual and/or collective, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages.

43. Due to Defendants', individual and/or collective, acts of copyright infringement as alleged herein, Defendants' have, individually and collectively, obtained direct and indirect profits that they each would not have otherwise realized but for their individual and/or collective infringement of the Copyrighted Work. As such, Plaintiff is entitled to disgorgement of Defendants', individual and/or collective profits directly and indirectly attributable to Defendants' individual and/or collective infringement of Plaintiff's Copyrighted Work.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM VA 2-241-085
### (Against Defendants Wright, Premier, and Deichman)

44. Plaintiff incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

45. As evidenced above, Registration No. VA 2-241-085 contains copyright management information identifying Plaintiff as the owner/creator of the 377 Eagle Dr_019a work.

46. Defendants Wright, Premier, and Deichman knowingly and with the intent to enable or facilitate copyright infringement removed Plaintiff's CMI from the Copyrighted Work before reproducing and distributing it to the public.

47. Defendants committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Copyrighted Work.

48. As a direct and proximate result of Defendants' conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

49. Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Affordable Aerial Photography, Inc. requests judgment against Defendants, RCLT Clermont LLC, Premier Realty of Ocala, Inc., Robert R. Deichman, and Kendra Wright, as follows:

      A.      That Defendants be required to pay Plaintiff their actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, including enhanced damages for willful infringement, as provided in 17 U.S.C. § 504;

      B.      That Defendants Wright, Premier, and Deichman be required to pay damages associated with their removal of Plaintiff's CMI in violation of the applicable statutes;

      C.      That Plaintiff be awarded interest, including prejudgment and post-judgment interest, on the foregoing sums, according to law;

      D.      That Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

      E.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues for which there is a right to a jury trial.

DATED this 11 day of July 2023.

Respectfully Submitted,

BEUSSE SANKS, PLLC
157 E. New England Avenue, Suite 375
Winter Park, FL  32789
Telephone:(407) 644-8888
Email: tsanks@firstiniplaw.com
Email: agyebi@firstiniplaw.com
**Attorneys for Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC.**

*/s/ Terry M. Sanks*
Terry M. Sanks
Florida Bar No. 0154430
Amaris C. Gyebi
Florida Bar No. 1019361